State v. Williams.

THE STATE OF MISSOURI, Respondent, v. JACK WILLIAMS, Appellant.

Kansas City Court of Appeals, April 6, 1896.

Criminal Law : ASSAULT AND BATTERY: INDICTMENT. An indictment charging the drawing of a revolver and pointing it at a prosecuting witness within shooting distance of him without further charge of its being loaded or drawn in an angry, threatening manner, with an intention to assault, is fatally defective.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED.

*Sallee & Goodman* and *A. S. Cumming* for appellant.

The information attempts to charge the defendant with an assault on M. J. Young, by drawing a revolver and presenting it at M. J. Young, while the said Jack Williams was in shooting distance of said Young. The information charges no offense. An assault is defined to be an attempt to intentionally do unlawful violence to the person of another with an apparent ability of accomplishing it. Kelley's Criminal Law, sec. 570; Anderson's Law Dictionary, p. 78; 1 Hawkin's P. C., sec. 1, p. 110. In the case at bar the information does not charge that the revolver was loaded. It does not charge that it was pointed at the defendant in an angry or threatening manner. It does not charge any attempt to unlawfully do any violence to the person of said M. J. Young, the prosecuting witness. An intention on the part of the accused to do the other party some bodily harm is essential to constitute an assault. *State*

*v. Sears*, 86 Mo. 170, 173; *State v. Melton*, 102 Mo.
683, 687; *State v. Davis*, 1 Iredell, 125–135, Am. Dec.
735; 1 Am. and Eng. Encyclopedia of Law, p. 786.

ELLISON, J.—This is a prosecution based on an
information for an assault with a revolver.   The defend-
ant was convicted in the trial court.   He makes the
point on this appeal that the information fails to charge
an offense, and we deem the point well taken.   The
charge is of drawing a revolver and pointing it at the
prosecuting witness while within shooting distance of
him.   It is evident that there was no attempt to charge
an assault by striking with the revolver, but the attempt
is to charge an assault by an attempt to shoot the
prosecuting witness.   But there is no charge, directly
or indirectly, that the revolver was loaded.   Further-
more, there is no charge that the revolver was drawn
in an angry or threatening manner, or with an inten-
tion to assault, nor is there anything which necessarily
shows such intention.   *State v. Sears*, 86 Mo. 170.

The judgment will be reversed.   All concur.